Good morning, Your Honor. Good morning. May it please the Court, John Burgandy for Bayview Loan Servicing, the appellant in this case, as well as the defendant. The sole legal issue being presented to this Court is whether the automatic stay applies to prevent a foreclosure sale where a debtor solely holds a possessory interest in a property due to her tenancy. The starting point here would be the automatic stay provision of the Bankruptcy Code found under 11 U.S.C. 362A. I think the best starting point here would be to review the subsection of 362A. A-1 prohibits the continuation of a pre-petition action against the debtor, whereas A-2 prohibits the enforcement of a pre-petition judgment against the debtor. Mr. Burgandy, you framed this as where the debtor solely holds a possessory interest in the property, but isn't it relevant also that she was a named defendant in the suit seeking foreclosure? It's relevant. Everything with respect to foreclosure is relevant, yes. However, she was solely named a defendant in the foreclosure proceeding as she's an interested party. Nonetheless, Section 362 says it operates as a stay of the continuation of an action or proceeding against the debtor. If she's a named defendant, isn't acting on the foreclosure judgment a continuation of a proceeding against the debtor, in part, even though she didn't hold title? I believe A-1, that subsection you're referring to, contemplates a situation where there's no judgment. Because where there is a judgment, that's where A-2 steps in. Mr. Burgandy, the language of A-1 does not say that. It just refers to the commencement or continuation of any proceeding against the debtor. So I think my reaction reading the lower court opinion in the briefs is that you're asking this court to do something quite extraordinary that I don't think any court anywhere has ever done, which is say the automatic stay provision does not apply when a debtor is a named party. Because you believe that the possessory interest is not going to be impacted or it's in personam versus in rem. There are no such distinctions in the statute. And you can cite me. I look at all the cases in the briefs. There's not a single case ever where a court has said, even though the debtor is named, the automatic stay provision does not apply. You can get relief from the automatic stay, maybe, on some of those grounds. But which case says what you're asking this court to hold? Well, I think I'd like to discuss the relief that you mentioned there. The statute doesn't talk about what relief you're seeking. It doesn't have these exceptions that you're trying to impose here. It just says, are they named as a commencement of any proceeding against the debtor? Right. I understand what you're saying. And I think, again, that goes back to the difference between A-1 and A-2. A-2 is applicable here where they have a final judgment. We're not continuing a foreclosure proceeding. The foreclosure proceeding has ended. Why is A-1 not applicable? I'm sorry. I didn't mean to talk over you. I didn't hear you. I think I spoke to you. I apologize. Why is A-1 not applicable here? You keep calling it A-2. Why not A-1? Because there's no longer a continuation of the foreclosure proceeding. The foreclosure proceeding has come to a conclusion with the entry of final judgment. That entry of final judgment concludes the proceeding and directs the referee to enforce the final judgment. That is, to conduct the foreclosure. It was continued in violation of the automatic stay. Isn't that the argument here? My argument is that if there was a violation of the automatic stay, which Judge Gershon determined there was, she didn't delineate which subsection of the statute. It had to have been A-2, because A-1 does not contemplate the final judgment being entered. A-2 does. What's wrong with having a bright-line rule, as I'm suggesting to you, that if they're named, maybe they're nominal, maybe there's going to be no impact, as you're saying. Go to the bankruptcy court and get relief from the automatic stay. Why do we want banks and other businesses making their own determination as to whether or not a possessory interest is going to be impacted in some way? That seems contrary to the whole purpose of the automatic stay. Right, and I understand that. What's the harm? What's the harm in having a client, before they go forward with the foreclosure, going to the bankruptcy court and saying, we want relief, because she's only attending. Her possessory interest is not going to be impacted here. Right, I understand that. I'd like to answer that. Bayview was not entitled to do so. They're not a creditor. Therefore, they're not a party in interest. Ms. Fogarty never owed a nickel to Bayview Loan Service. Therefore, under 362D, which provides relief from the automatic stay, had Bayview filed such a motion for relief from the automatic stay, the bankruptcy court would not have had jurisdiction over such a motion, as the court noted in the ComCoach case cited in my reply brief. In that case, this court stated that because the bank in that situation was not a creditor of the debtor, the court lacked jurisdiction to even entertain the motion. Therefore, there was no remedy for Bayview here. Bayview couldn't have gone into the bankruptcy court and said, we are a creditor, therefore we're entitled to lift the automatic stay. Again, 362D is specific. It requires it to be done by a party in interest, which this court has determined is either a creditor or a debtor. Let me ask you a question about that. Also in your reply brief, in addition to making the point that you don't believe you were entitled under the law to seek relief from the stay, you say that we should look at the bankruptcy court as essentially a court in equity and where it's balancing competing interests. 362 is a broad provision, but there are also many exceptions that apply to the stay. In essence, we ought to defer to the bankruptcy court's balancing of the interest in this case, where there's a technical violation perhaps because of the naming of Ms. Bogarty as a defendant, but because it's really an in rem proceeding, not an impersonum. She has no personal liability that this was a reasonable solution. But I hear you saying that the bankruptcy court wouldn't even have had jurisdiction to entertain your stay motion. It seems to me that I would have expected it to be that you don't have recognizable standing in a statutory sense, but they would have jurisdiction to treat the bankruptcy as a whole and to provide a party whose rights are somewhat intertwined with the possessory interests of the debtor some kind of relief. But you're saying that was just jurisdictionally not possible. Is that right? That's correct, and I rely upon this court's standard in the Comcoach case for that proposition that as Baby was not a creditor, it had no recourse in the bankruptcy court, regardless of the equitable standards that Judge Scarcella in the bankruptcy proceeding could have applied. Let me, with Judge Carney's permission, let me just ask you. Please, go ahead. The district court said that the possessory interest is impacted by the foreclosure because it was lessened because as a result of the foreclosure, Ms. Bogarty could be more easily evicted under RPAPL section 221. She called it a summary eviction, and I know you take issue with that, but let's put aside the term summary. But I think it's pretty clear that absent the foreclosure under section 713.5, she would have more due process. It would be harder to evict her under 713 than it would be under 221. So first of all, do you agree with that, that it's harder to do it under 713? I think that Ms. Bogarty… Let me ask you the other question first. If it were harder, wouldn't that be a problem? Wouldn't that be a lessening of her possessory interest if it was making it easier to evict her? No, I don't think her possessory interest is affected regardless of the statute that you use. What occurred here I think is actually illustrates what should happen in such a situation. So the third party purchased the property at the foreclosure sale. It was only after Ms. Bogarty defaulted on her payment obligations that the third party purchaser came back to the bankruptcy court and sought to lift the automatic stay. It was entitled to do so because it stepped into the shoes of the LLC who was the lessor under Ms. Bogarty's lease. At that point, Ms. Bogarty had an opportunity… I understand. I understand. She had an opportunity to be heard in the bankruptcy proceeding. Judge Scarcella, over her objection, determined that automatic stay could be lifted. And it was at that point that under RPAPL 221, the third party purchaser sought a writ of assistance in the state court proceeding where, again, Ms. Bogarty had an opportunity to be heard, was afforded due process before that writ of assistance was granted. And when the court issues that writ of assistance, it's not an ex parte proceeding. It's far from it. As set forth in my principal brief, the court is entitled to look at all the equities of the situation. Doesn't she have more rights under 713? She has to be personally served with notice. It seems like she has more rights under 713, right? She's already been personally served as she was in the foreclosure proceeding. So, yes, I understand there's a distinction, but I think it's a distinction without a difference because service has already been effectuated. Thank you. Thank you, Judge Cargill. Thank you. You've reserved a two-minute rebuttal, Mr. Brignanti. So we will hear from your opponent. Mr. Berger? Yes. Good morning, Your Honors. My name's Heath Berger, and I represent the appellee debtor in this case, Eileen Bogarty. I think, Your Honor, this case comes down to a simple issue, which I believe the court's already raised beforehand, and that's really the applicability of Section 362 of the Bankruptcy Code, which is the automatic stay. And I believe in her opinion, Judge Gershaw actually said that the automatic stay is a powerful protection and one of the fundamental protections, you know, provided to debtors under the Bankruptcy Code. Mr. Berger, could you focus within 362A on which subsection you are relying on to characterize this proceeding? Yes, Your Honor. It violated the stay. Yeah. Oh, I'm sorry. Yes, Your Honor. Section 362A1, the commencement or continuation, including the issuance of employment or process of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case. Okay. You agreed, though, that the judgment had been entered, and this was a foreclosure action based on the judgment. Isn't that right? That's correct, Your Honor, but the sale had not occurred. Right. Why wouldn't the sale be better characterized as enforcement of a judgment obtained under Section 2? You can look at it that way. Two judges, they're enforcing an action against the foreclosure property. We look at it as a continuation just because the debtor was a name dependent in the action they're proceeding forward. But either section of 362 is applicable, Your Honor, and the stay should be in effect. If it were a enforcement, if you can characterize this property as a continuation, Section 2 wouldn't really be necessary, right? Because any enforcement is a continuation in some respects. That's correct, Your Honor. Okay. Well, so a different question. You heard our colloquy with your opponent about whether his client was entitled to seek relief from the bankruptcy court and have the stay lifted with respect to the foreclosure sale. He says the bankruptcy court did not have jurisdiction to do that, and he points to our decision in ComCoach. What's your position about that? Could he have obtained relief in the bankruptcy court? Absolutely, Your Honor. Actually, the facts in ComCoach are very different and distinct from the facts in this case. In ComCoach, they never named ComCoach in the foreclosure action, and that's why the court indicated that they didn't have standing to bring on this action. In this case, Ms. Fogarty was listed as a defendant in the action, therefore invoking the automatic stay and thereby allowing the creditor to go in and ask for relief from the stay. But the creditor was with respect to the LLC. The creditor didn't have a relationship with Ms. Fogarty. Isn't that correct? That's correct, Your Honor. Ms. Fogarty had a possessory interest in the property. They listed her as a named defendant. If the judgment of foreclosure cuts off her rights, it allows anybody under the judgment to come in and take possession of the property. The argument would be that it didn't cut off her rights, that she had the same rights before as she had afterwards, and you heard Mr. Burgandy that before they could evict her after the foreclosure, they have to go to the bankruptcy court, and the stay is going to prevent any impact on the possessory interest. That's, I guess, the core argument. What's your response to that? Your Honor, my response to that is that by naming her in the foreclosure action, as Judge Gershon pointed out in her decision, it affects her rights, it affects her due process. It's an expedited process that they can move forward with. Whether it's expedited or not, they still have to go to the bankruptcy court either way, right? And that's what happened here. Even under 221, they still have to go back into the bankruptcy court to get relief from the stay in order to affect both possessory interests, right? That's correct, Your Honor. The purchaser would have to do that. However, that doesn't excuse the fact that the stay was in effect on the filing of the petition, and the sale shouldn't have gone forward at that point without requesting relief from the stay. And yes, that would be the second process if they got relief from the stay, they sold the property 30 days later, they could then go in afterwards and ask for relief from stay. It doesn't change the argument, Judge, that the stay was in effect at the filing of the bankruptcy. What about that hypothetical that I think both the district court and the bankruptcy court, the big high rise apartment building where in order to foreclose on it, you would have to research every single tenant and determine whether or not they have a bankruptcy petition pending, you know, you could have hundreds of tenants in a large building. What's your response to that from a practical standpoint? My practical stand is not what would have to happen in that type of situation. My response to that answer is no, because the difference in most commercial foreclosure actions is they may name Jane Doe, John Doe, ABC with no specific names. In this case, they named Eileen Fogarty. So therefore that changes the analysis, I believe, as opposed to in a big building. Yes, if they, you know, if they turn it over and name a specific tenant, they would have to look to see they filed bankruptcy. But, you know, in this case, they specifically named Ms. Fogarty. So you're saying in that situation, they just won't name any of the tenants and they'll be fine. I'm sorry, Your Honor. In that situation, I agree with you. They just won't name any of the tenants by name and they'll be fine. They can go forward. Is that what you're saying? That's correct, Your Honor. Under the commercial, what I've seen on the commercials is it's usually a Jane Doe and John Doe and then they take over the leases and then they could proceed on their eviction proceedings at any point. The difference, again, is Ms. Fogarty was named as a defendant in this case. And what's your response to the general argument made by your opponent in the reply brief that, you know, bankruptcy is basically an equitable proceeding where a lot of competing rights have to be balanced? And while 362 does impose a broad automatic stay, there are lots and lots of exceptions. There are a lot of circumstances in which the bankruptcy court is called on to exercise discretion and judgment. Here, the bankruptcy court drew a distinction between an in-rent proceeding and an in-persona proceeding, noted that Ms. Fogarty had no personal exposure in terms of a money judgment against her. Possessory interests were marginally implicated, but she was named as a defendant not because she was a guarantor, as in so much of the precedent, but just because she had the possessory interest and perhaps because she had the 99 percent interest in the LLC. So that we should, in essence, defer the bankruptcy court's reading of the stay. And from that, actually, I draw that the bankruptcy court had jurisdiction to adjudicate an application for relief from the stay, would have granted it. Why is that an incorrect position to take? Your Honor, I believe that Judge Scarcella's decision in this case was incorrect. I think when he looked at the case, he didn't go forward and deal with the possessory interest that the stay affected Ms. Fogarty's rights in the possession. He didn't go forward enough to talk about the different types of eviction proceedings that the state court could proceed with, as Judge Gershon did. And I think, you know, that Judge Scarcella was incorrect on that. I think the problem we have here, Judge, is that are we now giving banks unlimited rights to determine whether or not a stay is applicable or not? Well, Section 362 does have some specific exceptions, either an establishment of paternity, child custody cases. There's no exception in there that says maybe there's a possessory interest, maybe there's not a possessory interest, maybe it's a ministerial act, maybe it's not. I think 362, Judge, is a section that all bankruptcy lawyers rely upon, that if a debtor is a defendant in an action, the stay is imposed and then the burden goes to the bank to seek relief on it. And as the debtor was listed as a defendant in the action, they'd have that ability to go in. They could bring on a motion if they wanted for an expedited hearing, get the stay lifted, have a sale within another 30 days with no cost or expense. So, Judge, that's how I kind of look at it. I think Judge Scarcella misinterpreted, you know, the stay at this point and the rights that were affected. And what, in your view, clearly establishes the right of Bayview here to seek relief from the stay? I believe the right that they have, Judge, is that since the debtor was listed as a defendant in their action, there is a party in interest. They have a stake in this and they have a right to go in and ask for relief. Again, the Comcoach case basically said because Comcoach was not listed, the creditor in that case did not have any standing. In this case, they do have standing to go in for relief, Your Honor, and because she was listed as a defendant, that gave them the right to go in and ask for the relief. So the choice to name a debtor as a defendant in a previously filed suit automatically entitles you to seek relief from a stay imposed by that individual's bankruptcy? Yes. Okay, thank you very much. All right, thank you very much for your argument. Then we'll hear rebuttal. So one point I would like to just make here is the basis for naming Ms. Fogarty in the bank, excuse me, in the foreclosure proceeding. Now, Your Honor had indicated that was a choice. It's not actually a choice. It's governed by statute. That statute is RPAPL 1311, which requires a plaintiff in a foreclosure proceeding to name all known tenants. That's not discretionary. If a plaintiff knows that an individual lives at a property, they're required to name them in the foreclosure proceeding. And is that true, no matter how large the property is? That's not just true of single tenant properties? So long as they know the identity, yes. And here, maybe you did. Do they have any obligation to determine the identity? If they just don't want to bother with that, they could just put John Doe and Jane Doe for everybody, right? Well, I don't think that's accurate. I think that the statute requires them to act with some due diligence. In the event that they are aware of a tenant, they're required to name that tenant. But in a high-rise building, you know, they're not going to know the tenants unless they search out that information. They're just going to put John Doe and Jane Doe, right? I think a lot of that information could come to light throughout the foreclosure proceeding. As that information comes to light, they're required to amend the complaint to include those tenants. That's similar to what actually occurred here. I want to interrupt you because our time is somewhat limited. I think I need you to respond, please, to the argument, the assertion by your opponent that you, in fact, had a right and standing to appear before the bankruptcy court having named the debtor as a defendant and seek relief from the stay. He distinguishes ComCoach, and you're not pointing to any statutory limitation as far as I can see. I am pointing to a statutory limitation under 362D, which requires the party seeking to lift the stay to be a party in interest, and that has been defined by ComCoach. There's nothing that's been provided by Ms. Fogarty providing that simply because Bayview was the plaintiff and she was a defendant in the proceeding that provided standing to Bayview in the bankruptcy proceeding to lift the stay. Why isn't Bayview a party in interest if, having named the debtor as a defendant, it has rights affected by the bankruptcy? Because, as ComCoach described it and defined the phrase party in interest, it's either the creditor or the debtor. But ComCoach, the language in ComCoach says this. Until the debtor is named as a party defendant, the action does not affect the bankruptcy estate. Wasn't that suggesting that if the debtor is named as a party defendant, the whole analysis would change? No, I don't. Why did they put that in there? I think ComCoach handled two different issues. And, yes, it handled that issue. It didn't explicitly require that. However, it did define the party in interest as creditor or debtor. Take a minute to wrap up. We've been keeping you busy. With respect to A1 versus A2, I think that's a big issue here because if the continuation of an action actually includes the enforcement of a judgment, that would render subsection A2 completely superfluous. There's a reason that A2 was included there on its own as its own subsection separate and distinct from A1. And unless your honors have any further questions, I thank you for your time today. Thank you very much. Thank you for your arguments. We will take the matter under advisement. Thank you. Thank you.